UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81766-CIV-CANNON/Reinhart

ANDREW HORACE,

      Plaintiff,

v.

ADDICTION RECOVERY INSTITUTE
OF AMERICA (ARIA),

      Defendant.

_____ /

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's *Pro Se* Amended Complaint (the "Motion") [ECF No. 20].  The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 21], Defendant's Reply [ECF No. 22], and the full record.  For the reasons set forth below, the Motion [ECF No. 20] is **GRANTED**.

## RELEVANT BACKGROUND

The following facts are drawn from the Amended Complaint [ECF No. 19] and accepted as true for purposes of this Order.[1]

Plaintiff Andrew Horace, an African American male, worked as a Behavioral Health Technician at Defendant Addiction Recovery Institute of America ("ARIA") from December 2021 to February 2022 [ECF No. 19 ¶¶ 7, 21].  Immediately following his hiring, Plaintiff's payroll rate was changed twice without his knowledge, with one of his paychecks only reflecting a $0.1875 hourly rate [ECF No. 19 ¶¶ 26, 44].  Plaintiff brought these payroll issues to the attention of his

---

[1] The Court granted Defendant's earlier Motion to Dismiss and dismissed Plaintiff's initial Complaint [ECF No. 1-2 pp. 7–18] without prejudice [ECF No. 17].  In that Order, the Court granted "Plaintiff **one final** opportunity to file an amended complaint" [ECF No. 17 p. 6 (emphasis in original)].

hiring manager, Jefferey Mann; the payroll director, Cliff Churchill; and the owner of ARIA, Shawn Leon [ECF No. 19 ¶ 27]. Despite escalating these issues, "Plaintiff had to get a wage attorney in order to get his wages back" [ECF No. 19 ¶ 27]. Plaintiff does not allege that he did not ultimately receive the wages owed to him.[2]

This payroll change "caused humiliation, embarrassment, and emotional stress as non-black employees were not subjected to pay-rate changes without their consent" [ECF No. 19 ¶ 46]. Defendant "exuded disparate treatment to other black employee's [sic] prior to Plaintiff's hiring," and "other black employee's [sic] voluntarily separated due to disparate treatment in wages performed by Defendant" [ECF No. 19 ¶¶ 29–30]. Yolanda, another African American employee employed by Defendant during Plaintiff's tenure, also received disparate treatment in her wages [ECF No. 19 ¶ 25]. Meanwhile, Betsy Galicia a "non-black employee" did not experience a pay-rate change during her tenure with Defendant [ECF No. 19 ¶ 32]. Plaintiff also references a Fair Labor Standards Act case filed by a separate employee against ARIA [ECF No. 19 ¶ 37].

On the basis of these allegations, Plaintiff filed a complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, bringing a claim for race discrimination under the Florida Civil Rights Act (FCRA) and a claim for violations of the Equal Pay Act [ECF No. 1-2]. Following ARIA's removal of this matter to federal court [ECF No. 1], the Court granted ARIA's Motion to Dismiss and permitted Plaintiff one final opportunity to file an amended pleading [ECF No. 17]. Plaintiff subsequently filed the Amended Complaint, bringing the following claims:

---

[2] This payroll issue was corrected, in part, during Plaintiff's employment with ARIA. In his Response, Plaintiff notes that he "obtain[ed] wages that were not correctly paid" on January 21, 2022, when he accompanied Cliff Churchill to a bank on Palm Beach Lakes Boulevard and "signed for the cash" he was given to correct the payroll issue [ECF No. 21 ¶ 4A].

(1) Race Discrimination in Violation of Title VII [ECF No. 19 ¶¶ 50–65]

(2) Sex Discrimination in Violation of Title VII [ECF No. 19 ¶¶ 66–78]

(3) Race Discrimination in Violation of the FCRA [ECF No. 19 ¶¶ 79–87]

(4) Sex Discrimination in Violation of the FCRA [ECF No. 19 ¶¶ 88–101]

On February 28, 2023, ARIA filed the instant Motion, seeking dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 20].  The Motion is ripe for adjudication [ECF Nos. 21, 22].

## LEGAL STANDARD

Rule 8(a)(2) requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R Civ. P. 12(b)(6).  A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545).  Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

Upon a review of the Amended Complaint, the Court agrees with ARIA that Plaintiff has failed to state a claim upon which relief can be granted as to either the race discrimination or sex

discrimination counts.[3]

First, on Plaintiff's race discrimination claims (Counts I and III), the Amended Complaint lacks factual allegations to plausibly state a claim for race discrimination. As ARIA argues, Plaintiff has failed to remedy the deficiencies the Court identified in his original pleading [ECF No. 17 pp. 3–4], because the Amended Complaint still provides no allegations showing that Plaintiff was intentionally paid less because of his race. And, even if such allegations were present, the Amended Complaint is devoid of details demonstrating that "similarly situated non-black employees were treated any differently" than Plaintiff [ECF No. 20 p. 5].

To establish a claim for intentional race discrimination under Title VII and the FCRA in the absence of direct evidence of discrimination, as is the case here, a Plaintiff must establish that (1) he is a member of a protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated employees more favorably; and (4) he was qualified to do the job. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (stating elements for violations of Title VII of the Civil Rights Act). As was the case with Plaintiff's original pleading, the Amended Complaint fails to establish two of these elements. The Amended Complaint alleges that Plaintiff is a member of a protected class [ECF No. 19 ¶ 7 ("The Plaintiff is a Black male.")] and that he "was fully qualified for his position" [ECF No. 19 ¶ 23]. However, the Amended Complaint does not provide factual allegations from which the Court can infer, even accepting all facts as true, that Plaintiff was subjected to an adverse employment action or that ARIA treated similarly situated employees more favorably. The only action Plaintiff alleges he faced was an unexpected change in his pay rate, but as is evident from the Complaint, Plaintiff's wages were

---

[3] Though Plaintiff brings claims under both Title VII and the FCRA, "Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). As such, the Court will address Plaintiff's federal and state claims together here.

eventually corrected, and any lost wages were returned to him [ECF No. 19 ¶ 27 ("Plaintiff had to get a wage attorney in order to get his wages back."); *see also* ECF No. 21 ¶ 4A]. Plaintiff has also not shown that ARIA treated similarly situated employees of a different race more favorably. Plaintiff states in conclusory fashion that "Defendant treated non-black employee's [sic] in similarly situation [sic] more favorably" [ECF No. 19 ¶ 24] and references Betsy Galicia, a "non-black employee," who did not experience a pay rate change [ECF No. 19 ¶ 32]. However, the Amended Complaint provides no information from which the Court can infer that Ms. Galicia is similarly situated to Plaintiff in all material respects.[4] *See Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1228 (11th Cir. 2019). Because of these deficiencies, even accepting all facts in the Complaint as true, Plaintiff has not stated a plausible claim for race discrimination under Title VII or the FCRA.

Plaintiff's sex discrimination claims (Counts II and IV) also merit dismissal for lack of exhaustion. Prior to filing a suit for violations of Title VII or the FCRA, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the relevant agency. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (Title VII); *Poulsen v. Publix Super Markets, Inc.*, 302 F. App'x 906, 907 (11th Cir. 2008) (FCRA). A plaintiff's subsequent judicial complaint is limited to the scope of the investigation "which can reasonably be expected to grow out of the charge of discrimination" filed with the agency. *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotation marks omitted). Under Florida law, a timely charge must be filed "within 300 days of the last discriminatory act." *Joe's Stone Crabs, Inc.*, 296 F.3d at 1271. The same time period applies to

---

[4] While Plaintiff's Response states that "Betsy Galicia and Plaintiff worked for ARIA as Behavioral Health Technicians who performed work responsibilities exactly the same" [ECF No. 21 ¶ 12], this is not sufficient to cure the deficient allegations in the Amended Complaint. *See McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss.")

CASE NO. 22-81766-CIV-CANNON/Reinhart

charges brought under Title VII when the plaintiff initially institutes proceedings with a state or local agency, as Plaintiff did here [ECF No. 20-1 (charge filed with Palm Beach County Office of Equal Opportunity)].  42 U.S.C. § 2000e-5(e)(1).

Here, Plaintiff's charge of discrimination is devoid of any allegation of sex discrimination. The charge, filed with the Palm Beach County Office of Equal Opportunity on March 23, 2022, states only that Plaintiff believed he was "discriminated against because of [his] race (African American)" [ECF No. 20-1 p. 2].  Plaintiff makes no reference in the administrative charge to differential treatment because of his gender.  Because of this complete absence of allegations regarding sex discrimination, the Court cannot conclude that an investigation into sex discrimination would "reasonably be expected to grow" from the charge.  *Gregory*, 355 F.3d at 1280.  Further, because the alleged sex discrimination Plaintiff complains of occurred more than a year ago [ECF No. 19 ¶ 21 (explaining that Plaintiff's employment with ARIA ended in February 2022)], any attempt by Plaintiff to now file a charge for sex discrimination rooted in the asserted allegations would be time-barred.  *See Joe's Stone Crabs, Inc.*, 296 F.3d at 1271; 42 U.S.C. § 2000e-5(e)(1).  Counts II and IV are due to be dismissed for Plaintiff's failure to exhaust his administrative remedies.[5]

---

[5] Because Plaintiff's claims are due to be dismissed on procedural grounds, the Court need not address Defendant's arguments regarding the merits of Plaintiff's claims [ECF No. 20 p. 7].

CASE NO. 22-81766-CIV-CANNON/Reinhart

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss the Amended Complaint [ECF No. 20] is **GRANTED**

2. Plaintiff's race discrimination claims (Counts I and III) [ECF No. 19 ¶¶ 50–65, 79–87] are **DISMISSED WITH PREJUDICE**.[6]

3. Plaintiff's sex discrimination claims (Counts II and IV) [ECF No. 19 ¶¶ 66–78, 88–101] are **DISMISSED WITH PREJUDICE** due to Plaintiff's failure to exhaust his administrative remedies.

4. The Clerk of Court is directed to **CLOSE** this case.  Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of June 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[6] The Court previously granted Plaintiff "**one final** opportunity to file an amended complaint" [ECF No. 17 p. 6 (emphasis in original)].  Plaintiff's Amended Complaint remains deficient and is thus due to be dismissed with prejudice.  Further, the Court notes that any attempt by Plaintiff to file a new action would be untimely.  Plaintiff was issued a Notice of Right to Sue on December 21, 2022 [ECF No. 19 ¶ 14], and the ninety-day period for filing a judicial complaint following such notice being issued has expired.  42 U.S.C. § 2000e-5(e)(1).