UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-81766-CIV-Cannon/Reinhart

ANDREW HORACE,

                Plaintiff,

vs.

ADDICTION RECOVERY INSTITUTE
OF AMERICA (ARIA),

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR ATTORNEYS' FEES (ECF NO. 36)**

Currently before me is Defendant's Motion for Attorneys' Fees following the dismissal of Plaintiff's employment discrimination lawsuit. ECF No. 36. This motion was referred to me by the Honorable Aileen M. Cannon. ECF No. 37. I have reviewed the motion, Plaintiff's response (ECF No. 38), and Defendant's reply (ECF No. 39). For the reasons stated below, I **RECOMMEND** that Defendant's motion be **DENIED.**

**BACKGROUND**

Pro Se Plaintiff Andrew Horace brought this employment discrimination action against Defendant alleging four counts of race and gender discrimination

(Counts I and II were brought under Title VII and Counts III and IV were brought under the Florida Civil Rights Act (FCRA)).[1]

The facts alleged are summarized in Judge Cannon's order dismissing with prejudice the Amended Complaint.

> Andrew Horace, an African American male, worked as a Behavioral Health Technician at Defendant Addiction Recovery Institute of America ("ARIA") from December 2021 to February 2022 [ECF No. 19 ¶¶ 7, 21]. Immediately following his hiring, Plaintiff's payroll rate was changed twice without his knowledge, with one of his paychecks only reflecting a $0.1875 hourly rate [ECF No. 19 ¶¶ 26, 44]. Plaintiff brought these payroll issues to the attention of his hiring manager, Jefferey Mann; the payroll director, Cliff Churchill; and the owner of ARIA, Shawn Leon [ECF No. 19 ¶ 27]. Despite escalating these issues, "Plaintiff had to get a wage attorney in order to get his wages back" [ECF No. 19 ¶ 27] . . .
>
> This payroll change "caused humiliation, embarrassment, and emotional stress as non-black employees were not subjected to pay-rate changes without their consent" [ECF No. 19 ¶ 46]. Defendant "exuded disparate treatment to other black employee's [sic] prior to Plaintiff's hiring," and "other black employee's [sic] voluntarily separated due to disparate treatment in wages performed by Defendant" [ECF No. 19 ¶¶ 29–30]. Yolanda, another African American employee employed by Defendant during Plaintiff's tenure, also received disparate treatment in her wages [ECF No. 19 ¶ 25]. Meanwhile, Betsy Galicia a "non-black employee" did not experience a pay-rate change during her tenure with Defendant [ECF No. 19 ¶ 32].

ECF No. 31 at 1-2.

Judge Cannon dismissed the initial Complaint, which had been removed from state court, with leave to amend. A few months after Mr. Horace filed his Amended

---

[1] It is well settled that the FCRA and Title VII follow the same analytical framework and that courts use case law construing Title VII as persuasive authority when interpreting the FCRA. *Frey v. Amor Corr. Health Servs., Inc.*, No. CIV 06-60049, 2006 WL 4535802, at *3 (S.D. Fla. Mar. 10, 2006).

Complaint (ECF No. 19), Judge Cannon granted Defendant's motion to dismiss the race claims in Counts I and III, finding Mr. Horace's pleading contained "no allegations showing that Plaintiff was intentionally paid less because of his race. And, even if such allegations were present, the Amended Complaint is devoid of details demonstrating that 'similarly situated non-black employees were treated any differently.'" ECF No. 31 at 4 ("the Amended Complaint does not provide factual allegations from which the Court can infer, even accepting all facts as true, that Plaintiff was subjected to an adverse employment action or that ARIA treated similarly situated employees more favorably.") (citation omitted).

Judge Cannon also dismissed Mr. Horace's gender discrimination claims (Counts II and IV) for lack of exhaustion. *Id.* at 5. The charge of discrimination Mr. Horace filed with the Palm Beach County Office of Equal Opportunity raised only a racial discrimination claim; "Plaintiff ma[de] no reference in the administrative charge to differential treatment because of his gender." *Id.* at 6. Judge Cannon concluded that "because the alleged sex discrimination Plaintiff complains of occurred more than a year ago . . . any attempt by Plaintiff to now file a charge for sex discrimination rooted in the asserted allegations would be time-barred." *Id.* at 6 (citing ECF No. 19 ¶ 21).

In its motion for attorneys' fees, Defendant contends that it is entitled to fee-shifting under Title VII because Mr. Horace's claims were frivolous. ECF No. 36.

## **DISCUSSION**

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory exceptions, such as those contained in Title VII of the Civil Rights Act of 1964, which authorizes the award of attorney's fees in certain circumstances.

The statute provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e–5(k). The Supreme Court has held that "[w]hen a defendant is the prevailing party on a civil rights claim . . . district courts may award attorney's fees if the plaintiff's claim was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (internal quotations omitted). Nevertheless, "[c]are must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs in discrimination claims which might 'discourage all but the most airtight claims' and 'undercut the efforts of Congress to promote the vigorous enforcement provisions of Title VII.'" *See Evans v. St. Lucie Cty. Sch. Dist.*, No. 2:17-CV-14450, 2019 WL 3997126, at *4 (S.D. Fla. Aug. 23, 2019) (J. Rosenberg) (quoting *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001)).

> In determining whether a claim is frivolous, a court must analyze whether the case is so lacking in arguable merit so to be groundless or without foundation, rather than on the question of whether the case was successful on its merits. *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). In cases where the plaintiff adduces evidence sufficient to support their claims, findings of frivolity typically do not stand. *Id.*; *see also Hurtado v. Raly Dev., Inc.*, No. 11-24476-CIV, 2012 WL 3687488, at *6 (S.D. Fla. Aug. 27, 2012) (quoting *Dulaney v. Miami–Dade Cnty.*, No. 09–23259–CIV, 2011 WL 6754074, at *2 (S.D. Fla. Dec.22, 2011)). Factors also considered important in determining whether a claim is frivolous include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan*, 773 F.2d at 1189; *see also Cordoba v. Dillard's, Inc.*, 41 F.3d 1169, 1179 (11th Cir. 2005). No one factor is dispositive, and the Court must consider the case as a whole and determine whether the claim was entirely without foundation. *Id.* In determining whether a claim was frivolous, courts view the evidence in the light most favorable to the non-prevailing plaintiff. *Id.*

*Guevara v. Fla. E. Coast Ry., LLC.*, No. 18-CV-24726, 2020 WL 5578960, at *3 (S.D. Fla. Aug. 7, 2020) (J. Louis), report and recommendation adopted, 2020 WL 5572100 (S.D. Fla. Sept. 17, 2020) (J. Smith). "[T]he fee applicant bears the burden of establishing entitlement to an award . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, the first *Sullivan* factor is neutral in part and weighs against Mr. Horace in part. Judge Cannon dismissed Mr. Horace's racial discrimination claims for failure to establish a prima facie case because he did not allege facts showing that he suffered an adverse employment action or that similarly situated non-black employees were treated more favorably. In assessing the frivolity of Mr. Horace's claims, his inability to establish a prima facie case on his race claims weighs against him.

However, Mr. Horace's claims for gender discrimination were dismissed for failure to exhaust. Judge Cannon never reached the merits of those claims to assess whether Mr. Horace established a prima facie case. "[E]xhaustion is an affirmative defense and should not be convoluted with an element of Plaintiff's prima facie case" in pleading Title VII claims. *Akkasha v. Bloomingdales, Inc.*, No. 17-22376-CIV, 2020 WL 6820878, at *1 (S.D. Fla. Sept. 14, 2020) (quoted in *Bell v. FirstService Residential Boca, Inc.*, No. 22-80336-CIV, 2022 WL 16821893, at *3 (S.D. Fla. Oct. 20, 2022), *report and recommendation adopted sub nom. Bell v. Broad Mgmt. Grp., LLC*, No. 22-80336-CIV, 2022 WL 16792790 (S.D. Fla. Nov. 8, 2022)).

The second *Sullivan* factor is neutral because Defendant did not make a formal offer of settlement (ECF No. 36 at 6). *See Guevara*, 2020 WL 5578960, at *4. The third *Sullivan* factor weighs against Mr. Horace because his claims were dismissed prior to trial. *See Evans*, 2019 WL 3997126, at *2 (citing S*ullivan*, 773 F.2d at 1189).

Even though some of the *Sullivan* factors weigh against Mr. Horace, I find that viewing the evidence in the light most favorable to him and considering the case as a whole, I cannot conclude that Defendant has met its burden of establishing that Mr. Horace's claims were entirely without foundation. Indeed, the Amended Complaint alleged that the purported "errors" in Mr. Horace's paycheck were intentional and racially motivated. ECF No. 19 at ¶31. This allegation is supported by Mr. Horace's claim that nothing was done to correct the error, even

though he "brought to the attention [of] ALL levels of management;" instead, they "remained idle until counsel got involved!" ECF No. 19 at ¶28 (emphasis in original). Mr. Horace also claimed that white employees were not subjected to similar pay-rate changes and that "[w]hite employees did not have to jump through hoops in order to get their wages back." ECF No. 19 at ¶39. The Amended Complaint specifically identifies two employees by name, one who is black and experienced disparate treatment in her wages, and one who is non-black and did not. *Id.* at ¶¶ 25, 32.[2] That the Amended Complaint does not adequately allege facts to establish that these employees were similarly situated to Mr. Horace does not render his claims frivolous. Taking into account the detailed facts alleged in the Amended Complaint and the policy considerations which militate against imposing fees on unsuccessful plaintiffs in discrimination cases, I find that an award of fees is not warranted in this case.

Finally, I am mindful that Mr. Horace is a pro se litigant and as such he "is not held to the same standard of legal competence and care as an attorney." *Grimshaw v. Metro. Life Ins. Co.*, No. 11-14165-CIV, 2011 WL 13319575, at *2 (S.D. Fla. Aug. 2, 2011)) (citing *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010)). Given that Mr. Horace is a layperson, it is not unreasonable that he believed the allegations in his Amended Complaint to be sufficient to survive a motion to dismiss. While the facts Mr. Horace alleged

---

[2] *See, e.g., Guevara,* 2020 WL 5578960 at *5 (court declined to impose fee-shifting because the plaintiff "advanced some evidence in support of his [Title VII] claims and had a good faith basis for bringing the claims [which] mitigates against a finding of frivolity.").

ultimately did not rise to the level required to establish a prima facie Title VII violation, Defendant has not met the "stringent standard" of showing that Mr. Horace lacked good faith in bringing his claims or that those claims were "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173, 66 L.Ed.2d 163 (1980).

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that Defendant's Motion for Attorneys' Fees (ECF No. 36) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 17th day of October, 2023 at West Palm Beach in the Southern District of Florida.

　　　　　　　　　　　　　　　　　　　　　BRUCE REINHART
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge